**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROSELIA GONZALEZ; JOSH BROTHEIM; NATHANIEL GRIFFIN; DEBBIE PADGETT; MICHELLE COX; and MILTON KING, On Behalf of Themselves and All Others Similarly Situated** **PLAINTIFFS**

**v.** **CASE NO. 4:26-cv-473-KGB**

**UNITI SERVICES, LLC d/b/a KINETIC** **DEFENDANT**

# DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

Defendant, Uniti Services, LLC d/b/a Kinetic ("Defendant"), by and through its attorneys, for its Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply, states the following:

## I. INTRODUCTION

Having already filed a sixteen-page opposition brief responding to Kinetic's Motion to Compel Arbitration, Plaintiffs now seek leave to file a fifteen-page sur-reply that rehashes arguments they already made or should have made in their original Opposition. That is not the purpose of a sur-reply. A sur-reply is reserved for the very limited purpose of addressing new issues or evidence raised in a reply brief that the responding party had no earlier opportunity to address. That is not what happened here.

Kinetic's Reply included a short supplemental declaration and one additional exhibit that responded to Plaintiffs' arguments (namely that they did not recall being told about the Terms and Conditions). Notably, the supplemental declaration and exhibit simply confirmed a fact already raised in the opening Motion—that Kinetic's customer representatives verbally advise phone-based customers of the Terms and Conditions at sign-up. Plaintiffs now try to leverage the filing of the Reply into an opportunity to re-argue their entire position. Nearly every substantive

argument in Plaintiffs' proposed sur-reply responds to arguments that Kinetic made in its opening brief, not to new arguments or new evidence. On no fewer than four occasions, Plaintiffs openly admit having previously made their point. *See* ECF No. 19-1 at 9, 11, and 13 (twice) (Pl. Prop. Sur-Reply). Indeed, only Section I.A., which constitutes one page of the proposed sur-reply, addresses the supplemental declaration and additional exhibit.

Simply put, Plaintiffs' proposed sur-reply is nothing more than a second bite at the apple. Because Plaintiffs had every opportunity to raise these arguments in their Opposition brief, and because allowing the sur-reply would prejudice Kinetic who would not have an opportunity to respond to the arguments, the Court should deny the Plaintiffs' Motion for Leave to File a Sur-Reply.

## II. LAW AND ARGUMENT

### A. Plaintiffs' Proposed Sur-Reply Is Improper Because It Simply Is a Vehicle To Raise Arguments They Already Made or Could Have Made.

"[S]ur-replies are viewed with disfavor," and Plaintiffs' Motion for Leave shows why. *Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1123 (8th Cir. 2023). Plaintiffs represent that they "could not have addressed these matters in their earlier Opposition because Defendant had not yet submitted or relied upon them." ECF No. 19, ¶ 5 (Pl. Mot. Leave). But the substance of the proposed sur-reply does not bear that out. Instead, the overwhelming majority of its arguments respond to arguments raised in the opening Motion.

**Terms and Conditions (Proposed Sur-Reply, Section I.B.).** The primary focus of the proposed sur-reply relates to the Terms and Conditions, which were attached to, and argued extensively in, Kinetic's opening Motion. *See* ECF No. 8 (Def. Mot. Compel), Ex. 1, ¶ 10 & Attachment B. Plaintiffs now try to assert that "the arbitration provision at issue did not exist until sometime in 2023" and that Kinetic has "failed to identify the Terms in effect when those Plaintiffs

enrolled." ECF No. 19-1 at 2 (Pl. Prop. Sur-Reply). In support of this argument, they rely exclusively on the *original* declaration attached to Kinetic's opening Motion. *Id*. at 4, n.4-7. Plaintiffs had all the information related to the Terms and Conditions, as well as Plaintiffs' enrollment dates, when they filed their original Opposition on July 31, 2026, but they failed to raise the issue. They cannot use a sur-reply to make those arguments now. The Court should deny the Motion for Leave on this basis alone.

Not only is Plaintiffs' argument procedurally faulty, but it is not factually or legally sound, either. The record evidence shows that there has been an arbitration provision in place "from 2023 to present," not that the relevant provision was added in 2023. ECF No. 8, Ex. 1, ¶ 11 (Duong Decl.). For clarity, the 2023 timeframe simply reflects the relevant statute of limitations period, not when the arbitration provision was added to the Terms and Conditions. Kinetic has had an arbitration provision for more than a decade. Further, customers are informed verbally of the Terms and Conditions, and at least monthly for the duration of their relationship with Kinetic, they received updated notice of the Terms and Conditions. *See* ECF No. 8, Ex. 1, ¶¶ 14, 18, 19 (Duong Decl.). As Kinetic explained in its original Motion, this is sufficient. *See* ECF No. 9 at 9 (Def. Br.); *Altice USA, Inc. v. Johnson*, 2023 Ark. App. 120, 10 (Ark. App. 2023). As a result, Plaintiffs' tardy argument cannot salvage their position.

**Manifestation of Assent (Proposed Sur-Reply, Section II).** Plaintiffs next address whether Kinetic's monthly invoices and annual notice establish Plaintiffs' manifestation of assent. Notably, they admit that they have already "addressed this argument directly." ECF No. 19-1 at 9 (Pl. Prop. Sur-Reply). What they don't admit is that in their Opposition, they utterly failed to address dispositive caselaw, and they now improperly use the sur-reply to try to clean up that oversight. In its opening brief, Kinetic cited *Altice*, explaining that the law in Arkansas "recognizes

that assent may be manifested through payment of invoices that direct customers to governing terms" and that the Terms here "also made the arbitration agreement and class-action waiver conspicuous." ECF No. 9 at 10 (Def. Br.). Plaintiffs spent three pages of their Opposition trying to address *Altice* without actually citing it. *See* ECF No. 10 at 9-11 (Pl. Resp. in Opp.). They should not be able to use a sur-reply to try to bolster their argument. Nor could they. The *Altice* case is on all fours with the facts here.

**Cookie banner, footer link, and Privacy Policy (Proposed Sur-Reply, Sections III, IV, and V).** Plaintiffs similarly repeat their original cookie banner, footer link, and privacy policy arguments, nearly verbatim in places, specifically that the website's cookie banner contains no reference to the Terms and Conditions, that the footer link was inconspicuous, and that the Privacy Policy's dispute resolution provision does not apply. *Compare* ECF No. 10 at 6, 8, and 11 (Pl. Resp. in Opp.), *with* ECF No. 19-1 at 11 and 13 (Pl. Prop. Sur-Reply). They are unabashed about this cut-and-paste style argument. *See* ECF No. 19-1 at 11 ("as explained in Plaintiffs' Opposition") and 13 ("as Plaintiffs demonstrated in their Opposition") (Pl. Prop. Sur-Reply).

**Scope of the arbitration provision (Proposed Sur-Reply, Section VI).** Plaintiffs likewise regurgitate their previous arguments regarding the scope of the arbitration provision despite expressly acknowledging that they have already "explained [them] in their Opposition[.]" ECF No. 19-1 at 14 (Pl. Prop. Sur-Reply). As they expressly admit, these are the same scope arguments made on pages 5 through 8 of their original Opposition which respond to arguments Kinetic raised at pages 12 through 14 of its opening brief. *See* ECF No. 10 at 7 (Pl. Resp. in Opp.).

Because all these arguments were arguments that Plaintiffs did raise, or could have raised, in their Opposition, they are not properly raised in a sur-reply. As a result, the Motion for Leave should be denied. *See Cornice & Rose Int'l,* 76 F.4th at 1121-23.

**B. Kinetic's Reply Brief Was Proper, and Plaintiffs Did Not Argue Otherwise in Response to Kinetic's Motion for Leave to File a Reply.**

Although Plaintiffs did not oppose Kinetic's Motion for Leave to File a Reply Brief, which attached the proposed reply brief, Plaintiffs now appear to take issue with the supplemental declaration from Mr. Duong. Their opportunity to do so was in response to Kinetic's Motion for Leave to File a Reply, not now through an improper sur-reply which would prejudice Kinetic and allow Kinetic no opportunity to respond.

Plaintiffs would have had no basis to oppose Kinetic's Motion for Leave though. The reality is that Kinetic's Reply properly addressed the arguments made in the Plaintiffs' Opposition. *See Cornice & Rose Int'l,* 76 F.4th at 1121-23 (holding district court did not abuse its discretion when it denied a motion for leave to file a sur-reply because the opposing party "had simply responded to issues raised" previously). Plaintiffs submitted as part of their Opposition four declarations whereby certain Plaintiffs testified that they did not recall being told about the Terms and Conditions during their sign-up phone calls. ECF Nos. 11, 12, 13, 14 (Plaintiff Declarations). Kinetic's Reply simply demonstrated what it had already argued in its Motion—that its standard business practice is to have customer service representatives verbally inform customers of the Terms and Conditions when they sign up by telephone. *Compare* ECF No. 9 at 3 and 10 (Def. Br.), *with* ECF No. 18 at 4 (Def. Reply). Presenting that fact through a supplemental declaration was entirely proper. *See Graning v. Sherburne Cnty.*, 172 F.3d 611, 614 n.2 (8th Cir. 1999) ("[A]ffidavits may appropriately be produced with a reply brief when they respond to new issues which have arisen during briefing."). As a result, Kinetic's reply was proper and does not form the basis for a sur-reply brief.

### C. Alternatively, Any Sur-Reply Must Be Narrowed Only To Address the Supplemental Declaration and Additional Exhibit.

It cannot be disputed that only Plaintiff's Proposed Sur-Reply Argument Section I.A. addresses the supplemental declaration and additional exhibit that were attached to Kinetic's Reply. ECF No. 19-1 at 7-8 (Pl. Prop. Sur-Reply). Thus, to the extent the Court is inclined to grant the Motion for Leave to File a Sur-Reply, any sur-reply should be limited to Section I.A., and the Court otherwise should decline to consider the remainder of the sur-reply.

## III. CONCLUSION

For the foregoing reasons, Kinetic respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Sur-Reply, or, in the alternative, decline to consider any portion of the proposed sur-reply besides Section I.A., and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Katherine C. Campbell, Ark. Bar No. 2013241
Bradley S. Runyon, Ark. Bar No. 2005119
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR 72758
Office: (479) 695-6040
Facsimile: (501) 244-5389
kcampbell@fridayfirm.com
brunyon@fridayfirm.com

*Attorneys for Defendant Uniti Services, LLC d/b/a Kinetic*